UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

_____
JUN JUN LAW-AS, AS PARENT,               )
GUARDIAN, AND NEXT FRIEND OF             )
MINOR K.L.,                              )
Plaintiff,                               )
                                         )        Civil Action No. 19-cv-
v.                                       )
                                         )
CITY OF BERLIN POLICE                    )
DEPARTMENT,                              )
CITY OF BERLIN, and                      )
ERIC D. BENJAMIN, in both his Official   )
And Individual Capacities,               )
Defendants.                              )
_____)

## COMPLAINT – JURY TRIAL DEMAND

NOW COMES the Plaintiff, JUN JUN LAW-AS, as Parent, Guardian, and Next Friend

of minor child K.L.[1], by and through his attorneys, Cooper Cargill Chant, P.A., and complains

against the Defendants as follows:

### INTRODUCTION

1.      This action is filed in response to, *inter alia*, the illegal, inappropriate, and

unconstitutional deployment of a Taser Conducted Electronic Weapon (CEW) on June

30, 2018 by Defendant ERIC D. BENJAMIN of the BERLIN POLICE DEPARTMENT

against 16 year-old minor K.L., at a time when K.L. was in an elevated location above a

12-foot high embankment and retaining wall, and the deployment of which caused K.L.

to fall and suffer substantial injury, including a fractured skull, traumatic brain injury, and

cervical strain.

2.      Furthermore, despite recognizing at the scene that K.L. was bleeding from the head after

a 12-foot high fall, Defendant ERIC D. BENJAMIN illegally, inappropriately,

_____
[1] Pursuant to Fed. R. Civ. P. 5.2, the Minor child K.L. is referred to herein only by said minor child's initials.

unconstitutionally, and directly contrary to written policy failed to summon immediate medical attention for K.L., but rather handcuffed K.L. and transported him to the BERLIN POLICE DEPARTMENT instead of the hospital, substantially delaying treatment for a fractured skull and traumatic brain injury.

3.      Finally, upon investigation, the Plaintiff has discovered that contrary to state law and policy, the only body camera footage of the incident now available from the BERLIN POLICE DEPARTMENT commences **after** K.L. is laying injured with a broken skull and traumatic brain injury on the ground at the bottom of the embankment and retaining wall, with Taser leads in his back; so either this portion of the incident was not recorded in violation of policy, or this portion of the video recording was deleted.  The City has not answered Plaintiff's multiple inquiries on this subject.

<u>PARTIES</u>

4.      Plaintiff Jun Jun Law-as ("Jun") is a natural person of the age of majority, and a New Hampshire resident with a mailing address of 292 Hillside Avenue, Berlin, NH.  Jun is the parent and legal guardian of his minor son, K.L.

5.      K.L. ("K.L.") is a natural person and minor child under the age of 18, and a New Hampshire resident with a mailing address of 292 Hillside Avenue, Berlin, NH.

6.      The Defendant, CITY OF BERLIN ("City") is a municipal corporation, with principal office address of 168 Main Street, Berlin, NH 03570.

7.      The Defendant, BERLIN POLICE DEPARTMENT, is a municipal department of the Defendant CITY OF BERLIN, and maintains a principal place of business at 135 Green Street, Berlin, NH  03570.

8.      The Defendant ERIC D. BENJAMIN ("Benjamin") is a natural person of the age of

        majority, and a New Hampshire resident with a residential address of 8 Stony Brook

        Road, Gorham, New Hampshire 03581.  At all times relevant hereto, and upon

        information and belief, ERIC D. BENJAMIN was a police officer employed by and with

        the CITY OF BERLIN and the BERLIN POLICE DEPARTMENT, and was acting under

        color of state law in his capacity as a law enforcement officer.  Defendant ERIC D.

        BENJAMIN is sued in both his official and individual capacities.

                                    JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 1983,

        as the controversy arises under the United States Constitution, and pursuant to the fourth,

        fifth, eighth, and fourteenth amendments to the United States Constitution.

10.     This Court additionally and alternatively has subject matter jurisdiction pursuant to 28

        U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks damages and redress for the

        violation of the Plaintiff's constitutional and civil rights.

11.     This Court has jurisdiction over the Plaintiff's state law causes of action, as such claims

        arise from the same common nucleus of operative facts that give rise to the federally

        based causes of action, pursuant to 28 U.S.C. § 1367.

12.     Each and all of the acts alleged herein were accomplished by the Defendants, or its

        officers, agents, and employees under color and pretense of the statutes, ordinances,

        regulations, customs, usages, policies, procedures, and other laws of the CITY OF

        BERLIN and the State of New Hampshire.

13.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the facts and

circumstances giving rise to this action arose in the CITY OF BERLIN, Coos County,

New Hampshire.

FACTS

14.   In the evening of June 29, 2018 to the morning of June 30, 2018, K.L. ("K.L."), a 16

year-old student at Berlin High School, attended a party with friends at a friend's house

on Willard Street in Berlin, near the Berlin High School.

15.   K.L. is 5'4" and 140 lbs.

16.   At approximately 2 a.m. on June 30, 2018, K.L. and one friend, J.P., left the party and got

into J.P.'s car, a blue Toyota Camry, which was parked right outside the party.  Two

other friends got into the car thereafter.

17.   Soon later, K.L., J.P., and the others observed a police cruiser pull up the street, which

they believed was there to break up the party.

18.   K.L. and the others vacated J.P.'s car and ran.  After regrouping, they decided to return to

the car and party, and then go to K.L.'s house nearby.

19.   At some point, upon information and belief, Defendant ERIC D. BENJAMIN, who was

in the cruiser K.L. and others had observed, parked his vehicle and began to investigate

the area on foot.

20.   Upon K.L.'s return to Willard Street, Defendant ERIC D. BENJAMIN observed K.L.,

and began to pursue K.L. on foot.

21.   K.L. ran towards the right side of a house at 73 Jasper Street, where an approximately 12

foot retaining wall and embankment run from the house.

4

22.   At or about the time K.L. reached the top of the embankment, Defendant ERIC D. BENJAMIN deployed his Taser Conducted Electronic Weapon (CEW) at K.L., intending to strike K.L., and in fact striking him in the back as he reached the top of the embankment.

23.   A Taser has the effect of instantly overriding the victim's central nervous system, paralyzing the muscles throughout the body, rendering the target limp and helpless.

24.   As a direct and proximate result of the Taser contact, K.L. fell over and off the twelve foot (12') embankment below and landed on, in whole or in part, his head, causing, *inter alia*, a fractured skull and traumatic brain injury.

25.   Upon information and belief, a second Taser deployment occurred either before or after this deployment.

26.   Defendant ERIC D. BENJAMIN indicates in his August 28, 2018 affidavit that the second deployment occurred after K.L. had fallen over the embankment, and therefore after the fall and after the injury.

27.   At least one Taser deployment was in excess of a five-second cycle.

28.   As K.L. was lying on the ground at the bottom of the embankment with Taser leads in his back, Defendant ERIC D. BENJAMIN stated: "Don't fucking move, you're going to get tased again."

29.   While giving directions by radio to another officer, Defendant ERIC D. BENJAMIN ordered a member of the public to: "Stay in your house."

30.   When a second police officer arrives, Defendant ERIC D. BENJAMIN indicates: "I got a taser on him; he's already down, I don't know if he's out or what."

31.    Upon approaching K.L., who is lying on the ground crouched and facing the other way, Defendant ERIC D. BENJAMIN states: "Is that Mr. Law-as, is that who we got?  I figured."

32.    Defendant ERIC D. BENJAMIN observed that K.L. was bleeding from the head and face.

33.    Despite recognizing the substantial fall, and the fact that K.L. was bleeding from the head and face, and the Taser impacts, Defendant ERIC D. BENJAMIN took the time to investigate the area, to find and remove the Taser cartridges, to roll up the Taser leads, to handcuff K.L., to stand K.L. upright (with a head and neck injury), and to take him to the BERLIN POLICE DEPARTMENT, rather than the hospital.

34.    Moreover, Defendant ERIC D. BENJAMIN removed the Taser leads himself, rather than having medical personnel on the scene to remove the leads and evaluate for medical treatment, including for head and neck injury before he was moved.

35.    After being transported to the BERLIN POLICE DEPARTMENT, K.L. was eventually taken to Androscoggin Valley Hospital, and then transported by ambulance to Dartmouth Hitchcock Medical Center in Lebanon.

36.    At the hospital, K.L. was diagnosed with, *inter alia,* an acute skull fracture from the left frontal bone extending through the anterior and posterior frontal sinus walls extending inferiorly along the medial right orbital wall, traumatic brain injury, and cervical strain, with possible trace intracranial hemorrhage and cerebral edema.

37.    K.L. was discharged home on July 1, 2018.

38.     Following the incident, counsel for the Plaintiff requested the body camera footage from the incident.

39.     In response, the BERLIN POLICE DEPARTMENT produced a video that started when K.L. was already lying crouched on the ground at the bottom of embankment with Taser leads in his back.

40.     Upon further request, the BERLIN POLICE DEPARTMENT indicated that no video recording of events before that point now exists.

41.     The BERLIN POLICE DEPARTMENT has not responded to multiple requests as to whether this footage was allegedly never taken, or was allegedly lost, deleted, or destroyed.

42.     At the time of the incident, the BERLIN POLICE DEPARTMENT had policies in effect regarding the use of Tasers, the use of force, and the use of body worn cameras.

43.     Upon information and belief, Defendant ERIC D. BENJAMIN knew of and understood, or reasonably should have known and understood, each of these policies, and the requirements thereof, during and before the Incident.

44.     Further, upon information and belief, Defendant ERIC D. BENJAMIN knew of and understood, or reasonably should have known and understood, the standard of care in the field of policing with respect to the use of Tasers.

45.     The Taser Policy requires officers using Tasers to undertake a Department approved Taser training.

46.     Upon information and belief, ERIC D. BENJAMIN was not appropriately trained for

Taser use.  No records of Taser training have been produced despite request for a

personnel file.

47.     The Taser Policy requires officers using Tasers to undertake a mandatory annual re-

certification.

48.     Upon information and belief, Defendant ERIC D. BENJAMIN had not completed annual

re-certifications, or at least no records have been produced.

49.     The Taser Policy requires that any Taser discharge be immediately reported to the

Supervisor.

50.     Upon information and belief, Defendant ERIC D. BENJAMIN did not immediately

report his Taser deployment.

51.     The Taser Policy allows deployment in only six (6) specified scenarios.

52.     The Taser Policy did _not_ allow deployment in the scenario presented by the incident

described herein.

53.     The Taser Policy also specifically prohibits Taser deployment in certain circumstances,

including against a person who is at an elevated location where a fall may cause

substantial injury or death.

54.     In this circumstance, Defendant ERIC D. BENJAMIN did deploy his Taser against K.L.

who was at an elevated position where a fall may cause substantial injury or death, in

direct violation of the Taser Policy.

55.     The Taser Policy and known and applicable standard of care required officers to

announce the intended use of Tasers when reasonable.

8

56.     In this circumstance, it was reasonable for Defendant ERIC D. BENJAMIN to announce his intended use of a Taser against K.L. before his deployment of the same against K.L..

57.     Defendant ERIC D. BENJAMIN did not announce his intended use of a Taser against K.L. before Defendant ERIC D. BENJAMIN deployed his Taser against K.L..

58.     The Taser Policy requires that a subject be evaluated for the need for medical care prior to collection of Taser evidence.

59.     Defendant ERIC D. BENJAMIN did not evaluate K.L. relative to the need for medical care prior to collecting and removing the Taser evidence.

60.     The Taser Policy requires a case report to be completed with specific items of fact.

61.     Defendant ERIC D. BENJAMIN did not create a case report which included the required facts and circumstances.

62.     The Taser Policy and the Use of Force Policy each require, in addition to a Case Report, a separate "Use of Force / Taser Report" to be completed and circulated by the officer prior to the end of the officer's shift.

63.     Upon information and belief, Defendant ERIC D. BENJAMIN did not complete and/or circulate a Use of Force / Taser Report before the end of his shift, or at all, and in any case, no report was provided to Plaintiff's counsel despite request.

64.     The Taser Policy requires a Supervisor to review and follow up on the Use of Force / Taser Report.

65.     Upon information and belief, no supervisor reviewed any Use of Force / Taser Report; and in any case, no such review was provided to Plaintiff's counsel despite request.

9

66.     The known and applicable standard of care requires that no current be administered through a Taser to a subject for over 5 seconds.

67.     Upon information and belief, Defendant ERIC D. BENJAMIN administered current in excess of five seconds.

68.     The Use of Force Policy requires that when any use of force results in injury, immediate medical attention should be provided, and once the scene is secure, medical personnel (Berlin EMS) should be summonsed to the scene to evaluate the medical needs of the injured party and provide transport as needed.

69.     Despite recognizing a substantial fall and bleeding from the head, Defendant ERIC D. BENJAMIN did not provide immediate medical attention to K.L., nor did he call Berlin EMS to the scene.

70.     Moreover, despite recognizing a head injury and substantial fall, Defendant ERIC D. BENJAMIN decided to handcuff and move K.L., contrary to common sense and known and appropriate first aid techniques.

71.     The Use of Force policy requires that officers be trained in emergency life savings techniques and basic first aid.

72.     Upon information and belief, and based upon the incident, the BERLIN POLICE DEPARTMENT has failed to provide Defendant ERIC D. BENJAMIN sufficient basic first aid training.

73.     The Use of Force policy requires that upon a Taser use, and/or a use of force resulting in injury, a supervisor shall be immediately summoned and comply with specific investigative procedures outlined in the Policy.

74.     In this case, no supervisor was immediately summonsed, and no supervisor conducted the
        required investigation of use of force, including without limitation:

        A.      Taking photos of the injury at the scene;

        B.      Securing of the incident scene;

        C.      Taking of the officer's CEW; and

        D.      Appropriate notification to the Chief of Police.

75.     The Use of Force policy requires that when an officer's use of force causes serious
        physical injury, the BERLIN POLICE DEPARTMENT will place the officer on
        administrative leave pending administrative review.

76.     Upon information and belief, the BERLIN POLICE DEPARTMENT did not place
        Defendant ERIC D. BENJAMIN on administrative leave immediately after the incident.

77.     Rather than place him on administrative leave immediately after the incident pursuant to
        their own policy, the Defendants CITY OF BERLIN and the BERLIN POLICE
        DEPARTMENT allowed Defendant ERIC D. BENJAMIN to:

        A.      Approach K.L. and his father at the hospital while K.L. was still in a hospital bed
                at Androscoggin Valley Hospital suffering from a severe head injury, and without
                any other officer present;

        B.      Talk to K.L.'s father while K.L. was still in a hospital bed, and without any other
                officer present, and without any Miranda or other warnings;

        C.      Return the next morning to the scene of the injury before any other officer and
                remove evidence therefrom, and again without any other officer present or
                securing the scene;

> D.     Conduct his own investigation into K.L., the injured party, and without any other police officer involvement for at least approximately five days.

78.   The Use of Force Policy requires specific review of use of force by the Deputy Chief of Police, and a written report to the Chief of Police.

79.   Upon information and belief, the deputy Chief did not create such a report; and in any case, no such report was provided to Plaintiff's counsel despite request.

80.   The Body Worn Camera ("BWC") Policy, and state statute, namely RSA 105-D:2, requires that officers utilize their BWC for all law enforcement-related contacts, which includes for any pedestrian stop and/or pursuit.

81.   The BWC Policy, and state statute, namely RSA 105-D:2, also forbids officers from altering, editing, or deleting recordings made by a BWC.

82.   At present, no BWC recording exists for the time prior to when K.L. was lying crouched on the ground at the bottom of the embankment, injured with Taser leads in his back.

83.   Accordingly, either Defendant ERIC D. BENJAMIN violated the BWC policy by failing to record the initial part of the incident, or violated the BWC Policy by altering, editing, and deleting that portion of the recording.

84.   At no time did K.L. present an immediate threat to the safety of officers or others.

85.   Upon information and belief, at no time did Defendant ERIC D. BENJAMIN perceive K.L. to present an immediate threat to the safety of officers or others.

86.   The known and applicable standard of care requires objective reasonableness in the deployment of Tasers by police officers.

87.    It was not objectively reasonable for Defendant ERIC D. BENJAMIN to deploy a Taser

against K.L. in this circumstance.

88.    As a direct and proximate result of the actions and omissions of the Defendants, and each

of them, as described herein, K.L. suffered acute and permanent injury, including without

limitation a skull fracture, traumatic brain injury, cervical strain, and the sequellae of

each, along with associated pain and suffering, and past, present, and future medical bills,

and other associated costs and expenses and consequential damages, in addition to the

violation of his civil and constitutional rights as described herein.

## CLAIMS FOR RELIEF

### COUNT I
### FOURTH AND FORTEENTH AMENDMENTS – UNREASONABLE SEIZURE – EXCESSIVE FORCE - TASER

89.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

90.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit inequity, or other appropriate proceeding for redress . . .

91.    At the time of the complained of events, Plaintiff had a clearly established constitutional

right under the Fourth Amendment to be secure in his person from unreasonable seizure

through excessive force.

13

92.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by state and municipal law enforcement.

93.     Any reasonable police officer would have known or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

94.     Defendant ERIC D. BENJAMIN's actions and use of force, and each of them, as described herein, including without limitation each deployment of his Taser as against K.L., were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth and Fourteenth Amendment rights of Plaintiff.

95.     The acts and omissions of Defendant as described herein, and each of them, deprived Plaintiff of his constitutional rights and caused him other damages.

96.     The acts and omissions of Defendant as described herein, and each of them, were accomplished with willful intent and malice.

97.     The Plaintiff is entitled to redress for the violations of his Constitutional rights pursuant to 42 U.S.C. § 1983.

98.     Pursuant to 42 U.S.C. § 1983, the Plaintiff seeks judgment against the Defendants, and each of them, in the amount of his compensatory damages and punitive damages, plus attorneys' fees and costs.

## COUNT II
## FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

99.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

14

100.   As noted, Defendant ERIC D. BENJAMIN noted that K.L. suffered a substantial fall and was bleeding from the face and head, and knew that K.L. had been struck by a Taser.

101.   It would have been obvious to a lay person, and upon information and belief was, and should have been, obvious to Defendant ERIC D. BENJAMIN, that K.L.'s injuries requested prompt medical attention.

102.   Despite recognizing that K.L. suffered a substantial fall and was bleeding from the head and face, Defendant ERIC D. BENJAMIN did not provide immediate medical attention to K.L., nor did he call Berlin EMS to the scene.

103.   Rather, Defendant ERIC D. BENJAMIN handcuffed and moved K.L. to the BERLIN POLICE DEPARTMENT, in addition to removing evidence, before obtaining medical attention.

104.   In addition to being in violation of Department policy and basic first aid techniques, the acts and omissions of Defendant ERIC D. BENJAMIN were deliberately indifferent to K.L.'s serious medical needs, thereby depriving him of due process under the Fourteenth Amendment and/or constituted a unreasonable seizure under the Fourth Amendment.

105.   The Defendant acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional rights.

106.   The Plaintiff is entitled to redress for the violations of his Constitutional rights pursuant to 42 U.S.C. § 1983.

107.   Pursuant to 42 U.S.C. § 1983, the Plaintiff seeks judgment against the Defendants, and each of them, in the amount of his compensatory damages and punitive damages, plus attorneys' fees and costs.

15

<u>COUNT III</u>
**FOURTEENTH AMENDMENT – MISSING BODY-WORN CAMERA FOOTAGE**

108.   The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

109.   Under the Fourteenth Amendment to the Constitution, the Plaintiff has a right to the due process of law, and the police have an obligation to preserve potentially useful evidence.

110.   The actions of Defendant ERIC D. BENJAMIN and the other Defendants, including without limitation, the failure to create, preserve, maintain, and/or produce to the Plaintiff the portion of the BWC video recording of the incident before K.L. was injured, in direct contravention to policy and state statute, is a violation of the Plaintiff's Fourteenth Amendment rights to due process, and/or the obligation of the police to preserve evidence.

111.   Further, the failure of the Defendants, and each of them, to create, preserve, maintain, and/or produce to the Plaintiff multiple relevant documents, including without limitation the Use of Force / Taser Report, the Deputy Chief written review of such report, the unmodified police narrative of ERIC D. BENJAMIN created July 1, 2018, the personnel file of Defendant ERIC D. BENJAMIN including training and educational information, and any so-called Laurie information regarding Defendant ERIC D. BENJAMIN, in direct contravention to policy and state statute, is a violation of the Plaintiff's Fourteenth Amendment rights to due process, and/or the obligation of the police to preserve and produce material evidence.

16

112.    Any reasonable officer would and should know that such actions and/or omissions would be a constitutional violation.

113.    The Defendant acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional rights.

114.    Each of these acts and omissions deprived Plaintiff of his Constitutional right to due process secured to him by the Fourteenth Amendment to the Constitution.

115.    The Plaintiff is entitled to redress for the violations of his Constitutional rights pursuant to 42 U.S.C. § 1983.

116.    Pursuant to 42 U.S.C. § 1983, the Plaintiff seeks judgment against the Defendants, and each of them, in the amount of his compensatory damages and punitive damages, plus attorneys' fees and costs.

**COUNT IV**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

117.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

118.    The Defendants CITY OF BERLIN and BERLIN POLICE DEPARTMENT at all times relevant have maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights.

119.    Specifically, this policy, custom, or practice involves the following, and each of the following:

    A.    The use and allowance of, and failure to curtail, objectively unreasonable and excessive force on detainees and arrestees;

17

B.      The failure to appreciate, implement, train, and enforce an appropriate use of force continuum;

C.      Arrests for resisting arrest without probable cause, and overcharging arrestees.

D.      Arrestees receiving serious injuries.

E.      Individuals in custody not receiving appropriate and timely medical attention.

F.      The failure to preserve and/or produce evidence, including without limitation body-worn camera footage.

G.      The failure to place on administrative leave officers who cause serious bodily injury.

H.      The allowance of officers who cause serious bodily injury unilateral control over the scene of the injury, including without limitation allowing the subject officer to return to the scene of the injury unescorted and before any other officer, allowing said officers to remove evidence from the scene, and allowing said officers to conduct their own investigations.

I.      The failure to appropriately educate and train officers, including without limitation with respect to use of force, Tasers, Body-Worn Cameras, handling of injured arrestees or individuals in custody, investigation of officer-involved injuries, and preservation of evidence.

J.      The failure to follow its own policies relating to placing officers on administrative leave following incidents of Use of Force and incidents involving injury.

K.      The failure to follow its own policies related to documentation and review of incidents involving use of force and/or injury.

18

L.      The Defendants not sustaining citizen complaints, including without limitation, if it is the word of the complainant against a police officer.

120.    The above-described policies, customs, and/or practices, and each of them, was the direct, proximate cause of Defendant ERIC D. BENJAMIN violating the Plaintiff's Fourth and Fourteenth Amendment rights.

121.    Additionally and alternatively, each of these acts and omissions committed by the Defendants CITY OF BERLIN and BERLIN POLICE DEPARTMENT, and each of them, itself deprived Plaintiff of his Constitutional rights secured to him by the Fourth and Fourteenth Amendment to the Constitution.

122.    The Plaintiff is entitled to redress for the violations of his Constitutional rights pursuant to 42 U.S.C. § 1983.

123.    Pursuant to 42 U.S.C. § 1983, the Plaintiff seeks judgment against the Defendants, and each of them, in the amount of his compensatory damages and punitive damages, plus attorneys' fees and costs.

## COUNT V
## COMMON LAW – ASSAULT AND BATTERY, NEGLIGENCE

124.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

125.    By using excessive and unreasonable force, Defendant ERIC D. BENJAMIN caused harmful or offensive bodily contact with the Plaintiff.

126.    The aforesaid acts were unprivileged, unlawful, and constitute an assault and battery by Defendant ERIC D. BENJAMIN upon the person of K.L..

19

127.   The aforesaid acts of Defendant ERIC D. BENJAMIN were taken within the scope of his
       employment by the CITY OF BERLIN and/or CITY OF BERLIN POLICE
       DEPARTMENT.

128.   The unlawful acts of Defendant ERIC D. BENJAMIN were the direct, proximate cause
       of the Plaintiff's injuries.

129.   The Plaintiff is entitled to redress for the violations of his person and the assault and
       battery upon his person under the common law of the State of New Hampshire.

130.   Pursuant to the common law of New Hampshire, the Plaintiff seeks judgment against the
       Defendants, and each of them, in the amount of his compensatory damages and punitive
       damages, plus attorneys' fees and costs.

## COUNT VI
### NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT

131.   The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully
       set forth herein.

132.   The Defendants, and each of them, owed Plaintiff a duty of care conforming to applicable
       professional standards.

133.   The Defendants, and each of them, breached their duty of care and failed to conform to
       the applicable professional standards by the acts and omissions as described herein.

134.   As a result of the Defendant breaches of duty and negligence, and each of them, Plaintiff
       suffered grievous injury and damages.

135.    The conduct and negligence of the Defendants, and each of them, was gross, malicious, willful and wanton, and/or in reckless disregard of Plaintiff, and Plaintiff is entitled to punitive damages.

136.    The Plaintiff is entitled to redress for the negligence, gross negligence, and willful and wanton conduct of the Defendants under the common law of the State of New Hampshire.

137.    Pursuant to the common law of New Hampshire, the Plaintiff seeks judgment against the Defendants, and each of them, in the amount of his compensatory damages and punitive damages, plus attorneys' fees and costs.

**COUNT VII**
**NEGLIGENT HIRING AND RETENTION**

138.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

139.    The Defendants CITY OF BERLIN and/or BERLIN POLICE DEPARTMENT were negligent in the hiring and/or retention of Defendant ERIC D. BENJAMIN.

140.    The Defendants CITY OF BERLIN and/or BERLIN POLICE DEPARTMENT were negligent in the appointment of Defendant ERIC D. BENJAMIN as a police officer, in the provision of Defendant ERIC D. BENJAMIN with a Taser weapon, and in the placement of Defendant ERIC D. BENJAMIN in a position where he could cause grievous injury to members of the public.

141.    The Defendants CITY OF BERLIN and/or BERLIN POLICE DEPARTMENT knew or should have known that the appointment of Defendant ERIC D. BENJAMIN as a police

officer, the provision of Defendant ERIC D. BENJAMIN with a Taser weapon, and the

placement of Defendant ERIC D. BENJAMIN in a position where he could cause

grievous injury to members of the public was inappropriate and negligent.

142. The negligent hiring and retention of Defendant ERIC D. BENJAMIN by the Defendants

CITY OF BERLIN and/or BERLIN POLICE DEPARTMENT, and other negligence as

described herein, was a direct, but-for, and proximate cause of the damages and grievous

injury suffered by the Plaintiff.

143. The Plaintiff is entitled to redress for the negligent hiring and retention of Defendant

ERIC D. BENJAMIN by the Defendants CITY OF BERLIN and/or BERLIN POLICE

DEPARTMENT under the common law of the State of New Hampshire.

144. Pursuant to the common law of New Hampshire, the Plaintiff seeks judgment against the

Defendants CITY OF BERLIN and/or BERLIN POLICE DEPARTMENT, and each of

them, in the amount of his compensatory damages and punitive damages, plus attorneys'

fees and costs.

## <u>COUNT VIII</u>
**STATE LAW CLAIM OF RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY**

145. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

146. The actions, omissions, and conduct of the Defendant ERIC D. BENJAMIN occurred

while he was on duty, an in and during the course and scope of his duties and functions as

a CITY OF BERLIN police officer, and while he was acting as an agent and employee of

the CITY OF BERLIN and the BERLIN POLICE DEPARTMENT.

147.   Pursuant to N.H. RSA 507-B:7, the Plaintiff, via registered mail return receipt requested, gave notice to the Defendants CITY OF BERLIN and BERLIN POLICE DEPARTMENT, of a claim of injury causally related to the actions of Defendant ERIC D. BENJAMIN, and the events described herein.

148.   Pursuant to applicable law, including the common law of the State of New Hampshire, and/or the doctrine of *respondeat superior*, the CITY OF BERLIN and the BERLIN POLICE DEPARTMENT are vicariously, jointly, and severally liable for the actions and omissions of Defendant ERIC D. BENJAMIN which caused damages and grievous injury to the Plaintiff.

149.   Accordingly, the Plaintiff seeks judgment against the Defendants CITY OF BERLIN and/or BERLIN POLICE DEPARTMENT, and each of them, jointly and severally with the Defendant ERIC D. BENJAMIN, in the amount of his compensatory damages and punitive damages, plus attorneys' fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, on all counts, the Plaintiff prays that this Court:

A.   Enter judgment against the Defendants;

B.   Enter declaratory judgment declaring the acts of the Defendants, and each of them, to be a violation of Plaintiff's constitutional and civil rights;

C.   Enter monetary judgment in favor of Plaintiff and against the Defendants, and each of them jointly and severally, in the amount of Plaintiff's damages as allowed by law;

D.   Award Plaintiff's costs, interest, and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §§ 1983 and 1988 and other relevant statutes; and

23

E.  Order such other and further relief as the Court deems just and proper under the

circumstances.

### **JURY DEMAND**

The Plaintiff demands a trial by jury on all counts so triable.


Respectfully submitted,
The Plaintiff,
By his attorneys,


/s/ Christopher T. Meier

Date:  May 17, 2019          By:  _____
Christopher T. Meier, Bar ID #17135
COOPER CARGILL CHANT, P.A
2935 White Mountain Highway
North Conway, NH 03860
Tel:     (603) 356-5439
Fax:     (603) 356-7975
Email:  cmeier@ccclaw.com

Y:\CLIENT FILES\20765 - Law-as\,000 v. Berlin PD\Pleadings\2019.05.17 Complaint - FINAL.docx

24