UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Jun Jun Law-As, as Parent, Guardian and    \*
Next friend of Minor K.L    \*
   \*
   \*   Civil Action No. 19-CV-00540-JD
   \*
City of Berlin Police Department,    \*
City of Berlin and Eric Benjamin    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ANSWER OF DEFENDANTS CITY OF BERLIN[1] AND ERIC BENJAMIN**

### **JURY DEMAND**

Defendants demand a jury on all claims so triable.

### INTRODUCTION

1. This paragraph is an introduction to the action to which no response is required. To the extent a response is required, Defendants deny the allegations set forth herein. Specifically, Defendants deny that Officer Benjamin deployed his taser while KL was in an elevated location above a twelve foot high embankment and retaining wall. To the contrary, Officer Benjamin deployed his taser on two specific occasions. He first did so as KL ran away from the officer along Jasper Street, after verbally instructing KL to stop and warning that he would be tased. That deployment was unsuccessful, as KL continued to run down Jasper Street away from the Officer. When KL reached a railing by 73-75 Jasper Street, he vaulted over a railing into the private garden below. Officer Benjamin followed him to the railing and saw KL below, attempting to get to his feet in an apparent attempt to continue his effort to evade the officer. Officer Benjamin again instructed him to stop or he would be tased, and again. KL again ignored the direction and warning, at which point Officer Benjamin deployed his Taser a

---

[1] The Berlin Police Department is merely a department of the City of Berlin and not an independent legal entity. The City of Berlin is answering for the Department.

second time. This time, it was successful and KL stopped his attempt to flee and laid down on the grass.

2. This paragraph is an introductory paragraph which does not require a response. To the extent that a response is required, Defendants deny the allegations set forth herein. Further answering, after Officer Benjamin's successful deployment of the Taser, Lt. George Valliere arrived ran down to the private garden to secure KL. Officer Benjamin then proceeded into the garden to assist him. Officer Benjamin asked Lt. Valliere if KL needed medical attention, and Lt. Valliere asked KL the same question. KL responded, "no". Officer Benjamin asked KL directly whether he was hurt and KL said that he was not. Officer Benjamin then removed the probes from KL's shoulder and lower back. Around this time he observed a small amount of blood on KL's face and asked KL if he (KL) had hit his face. KL again said he was okay. Lt. Valliere then transported KL to the station where he called Berlin EMS to assess him.

3. This paragraph is an introductory paragraph which does not require a response. To the extent that a response is required, Defendants admit that because the body camera had not been activated during the pursuit of the KL, the only footage that existed from the pursuit or arrest depicts the events after the second deployment of the taser, which followed KL's effort to escape detention by vaulting over a rail into a private garden below. Defendants deny all further allegations of this paragraph.

## PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## JURISDICTION AND VENUE

9. This paragraph is a statement of jurisdiction to which no response is required. Defendants do not contest jurisdiction.

10. This paragraph is a statement of jurisdiction to which no response is required. Defendants do not contest jurisdiction.

11. This paragraph is a statement of jurisdiction to which no response is required. Defendants do not contest jurisdiction.

12. This paragraph is a statement of law to which no response is required.

13. This paragraph is a statement of venue to which no response is required. Defendants do not contest venue.

## FACTS

14. Defendants admit that at the referenced time KL was a 16 year old student at Berlin High School. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph and therefore deny same.

15. Admitted, except that Defendants listed KL as 5 foot 5 inches at the time of the incident.

16. Defendants lack sufficient information to admit or deny the allegation so this paragraph, except that Defendants admit the Plaintiff was in the vicinity of a car on Willard Street when Officer Benjamin first observed him.

17. Defendants lack sufficient information to admit or deny the allegations of ¶17.

18. Defendants admit that KL and others fled the area of a parked car, apparently after observing Officer Benjamin who was operating a marked police vehicle. Defendants lack

sufficient information to admit or deny the remaining allegations of this paragraph and therefore deny same.

19. Admitted.

20. Denied. Further answering Officer Benjamin observed KL for the second time on Jasper Street and began to pursue him on foot.

21. Defendants admit that KL ran towards the right side of a duplex at 73-75 Jasper Street. There, there is an approximately eight foot retaining wall that tops out at the level of the side walk with a two metal rail fence on top of it.

22. Denied. Further answering, Officer Benjamin first deployed his taser while KL was running up Jasper Street. That deployment did not make a good connection and did not stop KL. Officer Benjamin did not deploy his taser a second time until after KL vaulted over the railing and was attempting to continue his evasion of the officer upon landing below.

23. Defendants admit that the taser can have the effect described herein, although that is certainly not always the case.

24. Denied.

25. Denied as alleged. Defendants admit Officer Benjamin deployed his Taser a second time after KL landed in the garden below the railing and attempted to continue to flee from the officer.

26. Admitted.

27. Denied.

28. Defendants admit Officer Benjamin made the statement alleged, but note that Plaintiff is selective when he is quoting the Officer's comments and not presenting them in full order or in context.

29. Admitted. However, Defendants note that Plaintiff is selective when he is quoting the Officer's comments and not presenting them in full order or in context.

30. Admitted. However, Defendants note that Plaintiff is selective when he is quoting the Officer's comments and not presenting them in full order or in context.

31. Admitted. However, Defendants note that Plaintiff is selective when he is quoting the Officer's comments and not presenting them in full order or in context.

32. Defendants admit that Officer Benjamin observed that KL appeared to have some blood on his face.

33. Defendants deny that Officer Benjamin recognized that Plaintiff was bleeding from the head in general or that he had taken a substantial fall, particularly given that the Plaintiff had chosen to vault over the railing independent of any action of Officer Benjamin in what appeared to be an attempt to evade apprehension. Defendants admit that after another officer had arrived and secured the Plaintiff, Officer Benjamin investigated the area to collect his taser evidence as required. Officer Benjamin did not transport the Plaintiff. Rather, that was performed by Lt. Valliere.

34. Admitted. Further answering, Plaintiff twice indicated that he did not need medical attention on the scene. As such, Officer Benjamin removed the taser leads himself.

35. Admitted.

36. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

37. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

38. Admitted.

39. Admitted.

40. Admitted. To the extent that the Plaintiff's phraseology intends to apply that video was destroyed, it was not.

41. Denied.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Denied.

47. Admitted.

48. Denied.

49. Admitted.

50. Denied.

51. Admitted.

52. Denied.

53. Admitted.

54. Denied.

55. Admitted.

56. Admitted.

57. Denied.

58. Admitted.

59. Denied.

60. Admitted. Further answering, the policy does not require a separate "case report." Officer Benjamin completed an incident report adequately providing the necessary facts required by the Taser policy and officially called the "Conducted Electronic Weapon (CEW) Taser."

61. Denied.

62. Denied, insofar as there is no separate Taser "Case Report" required.

63. Denied.

64. Admitted.

65. Denied.

66. This paragraph is a statement of law to which no response is required.

67. Denied.

68. Admitted.

69. Denied. Further answering, Officer Benjamin did not "recognize" that the Plaintiff had suffered a substantial fall. Rather, the Plaintiff had vaulted over the railing in an attempt to evade detention. The Plaintiff was offered medical assistance on the scene and stated that he did not need it.

70. Denied. Further answering, Officer Benjamin did not recognize that the Plaintiff had suffered a substantial fall or a head injury. Rather, it appeared that the Plaintiff had vaulted over the railing in an attempt to evade detention. The Plaintiff was offered medical assistance on the scene and stated that he did not need it

71. Admitted.

72. Denied.

73. Admitted.

74. Denied. Further answering, the listed investigative actions refer to discharge of fire arms, not tasers.

75. Admitted.

76. Admitted.

77. Admitted, except that Defendants lack sufficient information to admit or deny Plaintiff's injuries and deny that Defendant "removed evidence from the scene." Rather, the officer merely collected his aphids and Taser cartridges as required.

78. Defendants admit that the use of force policy requires a specific review of the use of force by the Deputy Chief, but not necessarily a written report to the Chief.

79. Denied.

80. Admitted.

81. Admitted.

82. Defendants admit that there is no BWC recording prior to the second deployment of the taser. All further allegations of this paragraph are denied.

83. Denied. Further answering, Officer Benjamin turned off his body camera earlier in the evening to preserve its battery. Unfortunately, he failed to notice the camera was off until after the second deployment of the taser.

84. Admitted.

85. Admitted.

86. This paragraph is a statement of law to which no response is required.

87. Denied.

88. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### FOURTH AND FOURTEENTH AMENDMENTS – UNREASONABLE SEIZURE – EXCESSIVE FORCE - TASER

89. Defendants hereby incorporate the answers set forth in paragraphs 1-88 as if fully set forth herein.

90. This paragraph is a statement of law to which no response is required.

91. This paragraph is a statement of law to which no response is required.

92. This paragraph is a statement of law to which no response is required.

93. This paragraph is a statement of law to which no response is required.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. This paragraph is a request for relief to which no response is required. Defendants deny that Plaintiff is entitled to relief.

### COUNT II
### FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

99. Defendants hereby incorporate the answers set forth in paragraphs 1-98 as if fully set forth herein.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## COUNT III
### FOURTEENTH AMENDMENT – MISSING BODY-WORN CAMERA FOOTAGE

108. Defendants hereby incorporate the answers set forth in paragraphs 1-107 as if fully set forth herein.

109. This paragraph is a statement of law to which no response is required.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## COUNT IV
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

117. Defendants hereby incorporate the answers set forth in paragraphs 1-116 as if fully set forth herein.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## COUNT V
## COMMON LAW – ASSAULT AND BATTERY, NEGLIGENCE

124. Defendants hereby incorporate the answers set forth in paragraphs 1-123 as if fully set forth herein.

125. Denied.

126. Denied.

127. Defendants admit that Officer Benjamin's actions were taken within the scope of his employment by the City of Berlin, but deny the acts incorporated by reference to the prior paragraphs.

128. Denied.

129. Denied.

130. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## COUNT VI
## NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT

131. Defendants hereby incorporate the answers set forth in paragraphs 1-130 as if fully set forth herein.

132. This paragraph is a statement of law to which no response is required.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## COUNT VII
## NEGLIGENT HIRING AND RETENTION

138. Defendants hereby incorporate the answers set forth in paragraphs 1-137 as if fully set forth herein.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## COUNT VIII
## STATE LAW CLAIM OF RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

145. Defendants hereby incorporate the answers set forth in paragraphs 1-144 as if fully set forth herein.

146. Defendants admit that Officer Benjamin's conduct occurred while he was on duty in the course and scope of his duties and function as a police officer acting on behalf of the City of Berlin. Defendants deny all allegations of misconduct.

147. Admitted.

148. Denied.

149. This paragraph is a statement of relief to which no response is required. Defendants deny Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendants sued in their individual capacity are immune from liability from Plaintiff's federal claims pursuant to the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 475 U.S. 800 (1982).

### SECOND AFFIRMATIVE DEFENSE

The Defendant Town is immune from liability under 42 U.S.C. § 1983, *etc*. pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978).

### THIRD AFFIRMATIVE DEFENSE

The Defendants are immune from liability for state law claims, if any, under the laws of the State of New Hampshire, including but not limited to RSA 507-B, and pursuant to Official Immunity and Discretionary Function Immunity. *See Everitt v. General Electric, Co.*, 156 N.H. 202 (2007).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by RSA 507-B and any damages thereon are limited by that statute.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' right to recovery is barred and/or reduced by the doctrine of contributory negligence and/or comparative fault.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's actions are barred under the doctrine of Assumption of Risk.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, including but not limited to: Count II which purports to assert a due process claim for the alleged failure to retain evidence.

Defendants reserve the right to supplement this list of Affirmative Defenses as discovery progresses.

Respectfully submitted,

**CITY OF BERLIN and**
**ERIC D. BENJAMIN,**

By their Attorneys,

CULLENCOLLIMORE, PLLC

Dated: August 1, 2019      By: /s/ Brian J.S. Cullen
Brian J. S. Cullen, NH Bar # 11265
10 East Pearl Street
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: August 1, 2019      /s/ Brian J.S. Cullen
Brian J.S. Cullen